**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____  Chapter  **11**

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy           02/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Quorum Health Corporation** |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | **DBA  QHC** **DBA  Quorum Health** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **47-4725208** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1573 Mallory Lane, Suite 100** **Brentwood, TN 37027** Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Williamson** County | **Location of principal assets, if different from principal place of business** Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)     **www.quorumhealth.com**

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **Quorum Health Corporation**                                              Case number (*if known*) _____
          Name

**7.  Describe debtor's business**    A. *Check one:*

■ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
      6221

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

■ A plan is being filed with this petition.

■ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

■ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**    ■ No.

☐ Yes.

If more than 2 cases, attach a separate list.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | | | | | | |
| | District | | When | | Case number | |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**    ☐ No

■ Yes.

List all cases. If more than 1, attach a separate list

Debtor  **See Rider 1**                          Relationship  **Affiliate**

District  **Delaware**    When  **4/07/20**    Case number, if known  _____

Debtor    **Quorum Health Corporation**                                    Case number (*if known*) _____
          Name

---

**11.** **Why is the case filed in** *this district?*    *Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____
        Contact name _____
        Phone _____

---

### Statistical and administrative information

**13.** **Debtor's estimation of available funds**    .    *Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14.** **Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
■ More than100,000

---

**15.** **Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
■ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

**16.** **Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
■ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

Note: The information provided regarding number of creditors, assets, and liabilities in Items 14-16 is being provided on a consolidated basis for the entities listed on Rider 1.

| Debtor | **Quorum Health Corporation** | | Case number (*if known*) | |
| | Name | | | |

| | **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **04/07/2020**
MM / DD / YYYY

X _____          **Alfred Lumsdaine**
Signature of authorized representative of debtor       Printed name

Title    **Executive Vice President and Chief Financial Officer**

**18. Signature of attorney**

X _____          Date    **04/07/2020**
Signature of attorney for debtor                    MM / DD / YYYY

**David R. Hurst**
Printed name

**McDermott Will & Emery LLP**
Firm name

**1007 North Orange Street**
**4th Floor**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone    **302-485-3900**      Email address    **dhurst@mwe.com**

**3743 DE**
Bar number and State

**Rider 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases for procedural purposes only under the case number assigned to the chapter 11 case of Debtor Quorum Health Corporation.

| |
|---|
| Quorum Health Corporation |
| Ambulance Services of Forrest City, LLC |
| Ambulance Services of McKenzie, Inc. |
| Ambulance Services of Tooele, LLC |
| Anna Clinic Corp. |
| Anna Hospital Corporation |
| Augusta Hospital, LLC |
| Augusta Physician Services, LLC |
| Barrow Health Ventures, Inc. |
| Barstow Healthcare Management, Inc. |
| Big Bend Hospital Corporation |
| Big Spring Hospital Corporation |
| Blue Island Clinic Company, LLC |
| Blue Island HBP Medical Group, LLC |
| Blue Island Hospital Company, LLC |
| Blue Island Illinois Holdings, LLC |
| Blue Ridge Georgia Holdings, LLC |
| Blue Ridge Georgia Hospital Company, LLC |
| Central Alabama Physician Services, Inc. |
| CHS Utah Holdings, LLC |
| Clinton Hospital Corporation |
| Crossroads Physician Corp. |
| CSRA Holdings, LLC |
| Deming Clinic Corporation |
| Deming Hospital Corporation |
| Deming Nursing Home Company, LLC |
| DHSC, LLC |
| Doctors Hospital Physician Services, LLC |
| Edwardsville Ambulatory Surgery Center, L.L.C. |
| Evanston Clinic Corp. |
| Evanston Hospital Corporation |
| Fannin Regional Orthopaedic Center, Inc. |
| Forrest City Arkansas Hospital Company, LLC |
| Forrest City Clinic Company, LLC |
| Forrest City Holdings, LLC |
| Fort Payne Clinic Corp. |

| |
|---|
| Fort Payne HBP, LLC |
| Fort Payne Hospital Corporation |
| Fort Payne RHC Corp. |
| Galesburg Hospital Corporation |
| Galesburg Professional Services, LLC |
| Georgia HMA Physician Management, LLC |
| Granite City ASC Investment Company, LLC |
| Granite City Clinic Corp. |
| Granite City HBP Corp. |
| Granite City Hospital Corporation |
| Granite City Illinois Hospital Company, LLC |
| Granite City Orthopedic Physicians Company, LLC |
| Granite City Physicians Corp. |
| Greenville Clinic Corp. |
| Greenville Hospital Corporation |
| Hamlet H.M.A., LLC |
| Hamlet HMA Physician Management, LLC |
| Hamlet HMA PPM, LLC |
| Haven Clinton Medical Associates, LLC |
| Heartland Rural Healthcare, LLC |
| Hidden Valley Medical Center, Inc. |
| Hospital of Barstow, Inc. |
| Hospital of Louisa, Inc. |
| In-Home Medical Equipment Supplies and Services, Inc. |
| Jackson Hospital Corporation |
| Jackson Physician Corp. |
| Kentucky River HBP, LLC |
| Kentucky River Physician Corporation |
| King City Physician Company, LLC |
| Knox Clinic Corp. |
| Lindenhurst Illinois Hospital Company, LLC |
| Lindenhurst Surgery Center, LLC |
| Lock Haven Clinic Company, LLC |
| Marion Hospital Corporation |
| Massillon Community Health System LLC |
| Massillon Health System, LLC |
| Massillon Holdings, LLC |
| Massillon Physician Services, LLC |
| McKenzie Clinic Corp. |
| McKenzie Physician Services, LLC |
| McKenzie Tennessee Hospital Company, LLC |
| McKenzie-Willamette Regional Medical Center Associates, LLC |
| Memorial Management, Inc. |
| Mesquite Clinic Management Company, LLC |
| MMC of Nevada, LLC |
| Monroe County Surgical Center, LLC |

| |
|---|
| Monroe Diagnostic Testing Centers, LLC |
| Monroe HMA Physician Management, LLC |
| Monroe HMA, LLC |
| MWMC Holdings, LLC |
| National Healthcare of Mt. Vernon, Inc. |
| National Imaging of Carterville, LLC |
| National Imaging of Mt. Vernon, LLC |
| OHANI, LLC |
| Our Healthy Circle |
| Paintsville HMA Physician Management, LLC |
| Paintsville Hospital Company, LLC |
| Phillips Clinic Company, LLC |
| Phillips Hospital Company, LLC |
| QHC ARM Shared Services, LLC |
| QHC Blue Island Urgent Care Holdings, LLC |
| QHC California Holdings, LLC |
| QHC HIM Shared Services, LLC |
| QHCCS, LLC |
| QHG of Massillon, Inc. |
| QHR Development, LLC |
| QHR Healthcare Affiliates, LLC |
| QHR Intensive Resources, LLC |
| QHR International, LLC |
| Quorum Health Corporation Political Action Committee |
| Quorum Health Foundation, Inc. |
| Quorum Health Investment Company, LLC |
| Quorum Health Resources, LLC |
| Quorum Purchasing Advantage, LLC |
| Quorum Solutions, LLC |
| Red Bud Clinic Corp. |
| Red Bud Hospital Corporation |
| Red Bud Illinois Hospital Company, LLC |
| Red Bud Physician Group, LLC |
| Red Bud Regional Clinic Company, LLC |
| River to River Heart Group, LLC |
| San Miguel Clinic Corp. |
| San Miguel Hospital Corporation |
| Southern Illinois Medical Care Associates, LLC |
| Springfield Oregon Holdings, LLC |
| Summit Emergency Medicine, LLC |
| Sunbury Clinic Company, LLC |
| Sunbury Hospital Company, LLC |
| Three Rivers Medical Clinics, Inc. |
| Tooele Clinic Corp. |
| Tooele Hospital Corporation |
| Triad of Oregon, LLC |

| |
|---|
| Waukegan Clinic Corp. |
| Waukegan Hospital Corporation |
| Waukegan Illinois Hospital Company, LLC |
| Williamston Clinic Corp. |
| Williamston HBP Services, LLC |
| Williamston Hospital Corporation |
| Winder HMA, LLC |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| QUORUM HEALTH CORPORATION, | ) | Case No. 20-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

**ATTACHMENT TO VOLUNTARY PETITION FOR NON-INDIVIDUALS**
**FILING FOR BANKRUPTCY UNDER CHAPTER 11**

1.     If any of the Debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 001-37550.

2.     The following financial data is the latest available information and refers to the debtor's condition on February 20, 2020 (unaudited), except as set forth below:

|     |     |     |
|-----|-----|-----|
| a. | Total assets: | $373,062,746.00 |
| b. | Total debts (including debts listed in 2.c, below): | $1,262,336,316.00 |
| c. | Debt securities held by more than 500 holders: | N/A |
| d. | Number of shares of preferred stock: | 0 |
| e. | Number of shares of common stock: | 32,664,536 (as of March 25, 2020) |
| f. | Comments, if any: | N/A |

3.     Brief description of Debtor's business: Quorum Health Corporation is an operator of general acute care hospitals and outpatient healthcare facilities in the United States.

4.     List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of Debtor (as of March 23, 2020): Mudrick Capital Management, LP, KKR & Co. Inc., York Capital Management Global Advisors LLC, Davidson Kempner Capital Management LP, and The Goldman Sachs Group Inc.

**Omnibus Action by Written Consent in Lieu of a Meeting
of the Entities listed on Schedule A**

April 6, 2020

The undersigned, being all of the members of the boards of directors or boards of managers, as applicable (in each case, a "<u>Board</u>" and collectively, the "<u>Boards</u>"), and the corporate members, managers or shareholders, as applicable (in each case, a "<u>Controlling Entity</u>" and collectively, the "<u>Controlling Entities</u>"), of all of the entities listed on <u>Schedule A</u> (each, a "<u>Company</u>"), hereby consent, in accordance with the organizational documents of each Company and applicable state laws, to the following actions and adopt the following resolutions with respect to each Company in lieu of a meeting effective as of the date hereof.

<u>**Appointment of Chief Restructuring Officer**</u>

WHEREAS, each Board and Controlling Entity may appoint subordinate officers and agents as it shall deem necessary, who shall hold their offices for such terms and shall exercise such powers and perform such duties as shall be determine from time to time by such Board or Controlling Entity;

WHEREAS, each Board and Controlling Entity deems it to be in the best interests of each applicable Company to appoint a Chief Restructuring Officer to assist the Companies in their review, evaluation, and analysis of one or more strategic and/or financing transactions; and

WHEREAS, each Board and Controlling Entity deems it to be in the best interests of each applicable Company to appoint Paul Rundell as its Chief Restructuring Officer.

NOW THEREFORE BE IT RESOLVED, Paul Rundell, be, and hereby is, appointed to serve as the Chief Restructuring Officer of the Companies for such a term, and shall exercise such powers and perform such duties as shall be determined by the Boards and Controlling Entities, and in accordance with the terms and conditions of that certain engagement letter, dated as of December 9, 2019, by and among the Companies and Alvarez & Marsal North America, LLC ("<u>A&M</u>"), as may be amended from time to time.

<u>**Chapter 11 Filing**</u>

WHEREAS, each Board and Controlling Entity has considered presentations by the financial and legal advisors of each of the Companies regarding the liabilities and liquidity situation of each of the Companies, the strategic alternatives available to it, and the effect of the foregoing on each Company's business;

WHEREAS, each Board and Controlling Entity has had the opportunity to consult with the financial and legal advisors of the Companies and fully consider each of the strategic alternatives available to the Companies; and

WHEREAS, each Board and Controlling Entity has had the opportunity to consult with the financial and legal advisors of the Companies and review the chapter 11 of title 11 of the United

States Code (the "<u>Bankruptcy Code</u>") preparation materials provided by the financial and legal advisors, and each Board and Controlling Entity recommends the adoption of these resolutions.

NOW, THEREFORE, BE IT RESOLVED, that in the business judgment of each Board and Controlling Entity, it is desirable and in the best interests of each Company (including a consideration of its creditors and other parties in interest) that each Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (each a "<u>Chapter 11 Case</u>" and collectively, the "<u>Chapter 11 Cases</u>") under the provisions of chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

FURTHER RESOLVED, that the Chief Executive Officer, any Vice President, any Assistant Vice President, Chief Financial Officer, Treasurer, General Counsel, Secretary or Assistant Secretary, any Manager, any Director, or any other duly appointed officer or other person acting at the direction of the foregoing officers of each Company (collectively, the "<u>Authorized Signatories</u>"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all actions that they deem necessary, proper or convenient to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business; and

FURTHER RESOLVED, that all acts and deeds previously performed by any of the officers of the Companies prior to the adoption of the foregoing recitals and resolutions that are within the authority conferred by the foregoing recitals and resolutions, are hereby ratified, confirmed, and approved in all respects as the authorized acts and deeds of the Companies.

### <u>Entry into Restructuring Support Agreement and Solicitation of the Plan</u>

WHEREAS, each Board and Controlling Entity reviewed and considered presentations by the financial and legal advisors of each Company regarding the advantages and disadvantages to each Company soliciting acceptances of the Debtors' *Joint Prepackaged Chapter 11 Plan of Reorganization* contemplated by the Restructuring Support Agreement (as may be amended or modified from time to time and including all exhibits and supplements thereto, the "<u>Plan</u>"); and

WHEREAS, each Board and Controlling Entity had the opportunity to consult with the financial and legal advisors of the Companies and fully considered each of the strategic alternatives to the Plan.

NOW, THEREFORE, BE IT RESOLVED, that in the business judgment of each Board and Controlling Entity, it is desirable and in the best interests of each Company, its equityholders, its creditors, and other parties in interest to enter into the Restructuring Support Agreement and to commence solicitation of the Plan pursuant to sections 1125(g) and 1126(b) of the Bankruptcy Code and rule 3018(b) of the Federal Rules of Bankruptcy Procedure, and that each Company's performance of its obligations under the Restructuring Support Agreement and the solicitation of votes in favor of the Plan be and hereby is, in all respects, authorized and approved;

FURTHER RESOLVED, that the Authorized Signatories, acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute the Restructuring Support Agreement on behalf of the Companies, perform all the transactions contemplated thereby, including commencing solicitation of the Plan;

FURTHER RESOLVED, that each Board and Controlling Entity hereby authorizes and approves in all respects, the Plan and all actions contemplated under the Plan including: (1) adoption or assumption, as applicable, of the agreements with existing management; (2) selection of the directors, managers, and officers for the Reorganized Debtors (as defined therein); (3) implementation of the Restructuring Transactions (as defined therein); and (4) all other actions contemplated under the Plan (whether to occur before, on, or after the date hereof), including, without limitation, any sale of other disposition of Galesburg (as defined therein) by Quorum (as defined therein) or Reorganized Quorum (as defined therein), as applicable. Furthermore, the Authorized Signatories of the Companies are hereby authorized to issue, execute, and deliver the agreements, documents, securities, and instruments contemplated under the Plan (or necessary or desirable to effect the transactions contemplated under the Plan) in the name of and on behalf of the Companies, including the Equity Investment Commitment Agreement, the New Shareholders Agreement, in each case as defined in the Plan or Plan Supplement and any and all other agreements, documents, securities, and instruments relating to the foregoing.

## Retention of Professionals

WHEREAS, each Board and Controlling Entity has considered presentations by the financial and legal advisors of each Company regarding the retention of such financial and legal advisors by each Company.

NOW, THEREFORE, BE IT RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered and directed to employ the law firm of McDermott Will & Emery LLP ("McDermott") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of McDermott;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered and directed to employ A&M as financial advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each of each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of A&M;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered and directed to employ the firm of KPMG LLP ("KPMG") as tax consultant to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each of each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of KPMG;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered and directed to employ the firm of MTS Health Partners, LP ("MTS") as investment banker to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of MTS;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered and directed to employ the firm of Epiq Corporate Restructuring, LLC ("Epiq") as notice and claims agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed appropriate applications for authority to retain the services of Epiq;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, proper or convenient; and

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, with the power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

## Debtor-in-Possession Financing, Cash Collateral, and Adequate Protection

WHEREAS, each Company is party to that certain (i) ABL Credit Agreement, dated as of April 19, 2016, providing access to a credit facility (the "Prepetition ABL Facility") with the lenders

party thereto and UBS AG, as administrative agent (the "<u>Prepetition ABL Agent</u>") and (ii) Credit Agreement, dated as of April 29, 2016, providing access to a revolving credit facility and a term credit facility (collectively, the "<u>Prepetition Credit Facility</u>") with the lenders party thereto and Credit Suisse AG, as administrative agent (the "<u>Prepetition Agent</u>");

WHEREAS, reference is made to that certain debtor-in-possession credit agreement (together with any and all exhibits, schedules, and annexes thereto, the "<u>DIP Credit Agreement</u>") providing for a junior secured super-priority credit facility of up to $100 million in the aggregate (together with all exhibits, schedules, and annexes thereto, as amended, amended and restated, supplemented or otherwise modified from time to time, the "<u>DIP Facility</u>") dated as of, or about, the date hereof, among the Borrower (as defined therein) and certain subsidiaries who were guarantors on preexisting indebtedness, the lenders listed therein and party thereto from time to time (the "<u>DIP Lenders</u>") and the administrative agent thereto (the "<u>DIP Agent</u>"), that sets forth the terms and conditions of the debtor-in-possession credit financing to be provided to the Companies by the DIP Lenders;

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board or Controlling Entity of each Company, each Company will receive benefits from the DIP Credit Agreement and the loans contemplated thereunder, and it is desirable and in the best interest of each Company, each Company's equityholders, creditors, and other parties in interest that the form, terms, and provisions of (i) that certain DIP Credit Agreement and (ii) the Loan Documents (as defined in the DIP Credit Agreement) to which any and all of the Companies are a party, all other documents, agreements, instruments or certificates, intellectual property security agreements, joinders, and consents to be executed, delivered, or filed by each Company in connection therewith, and the transactions contemplated by the DIP Credit Agreement and the other Loan Documents (in each case including, without limitation, the borrowings and other extensions of credit thereunder, and the guaranties, liabilities, obligations, security interest granted and notes issued, if any, in connection therewith) be, and hereby are, authorized, adopted, and approved in substantially the form presented to the Board or Controlling Entity of each Company, together with such changes as may be approved by the Authorized Signatories executing and delivering the same, such approval to be conclusively evidenced by such Authorized Signatory's execution and delivery thereof;

FURTHER RESOLVED, that the Board or Controlling Entity of each Company has determined that it is necessary and in the best interest of each such Company's business and affairs, each Company's equityholders, creditors, and other parties in interest that the form, terms, and provisions of (i) that certain DIP Credit Agreement, in substantially the form presented to each Board or Controlling Entity of each Company, to execute, deliver, and perform the DIP Credit Agreement and (ii) the other Loan Documents to which it is a party, to perform such Company's obligations thereunder and to consummate the transactions contemplated thereby, including, without limitation, any borrowings, the performance of any guarantees and the granting of any security interests and liens, and each Company's execution and delivery of, and the incurrence and performance of its obligations in connection with the DIP Credit Agreement, including without limitation, the guarantee of and pledging of assets to secure the Obligations (as defined in the DIP Credit Agreement) thereunder, and any other Loan Document to which it is a party, and the consummation of the transactions contemplated thereby or entered into in connection with the Loan Documents, including, without limitation, any borrowing by any Company under the Loan Documents, are hereby, in all respects, authorized and approved;

FURTHER RESOLVED, that each Company will obtain benefits from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Prepetition Secured Lenders") under the Prepetition ABL Facility and/or the Prepetition Credit Facility, and (b) the incurrence of debtor-in-possession financing obligations pursuant to the DIP Facility (collectively, the "DIP Financing");

FURTHER RESOLVED, that in order to use and obtain the benefits of (a) the DIP Financing and (b) the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain liens, claims, and adequate protection to the Prepetition Secured Lenders and to the DIP Lenders to secure the obligations of the Companies under the DIP Facility (such obligations, the "DIP Obligations") as documented in a proposed order in interim and final form (the "DIP Orders"), authorizing and approving the DIP Credit Agreement, the other Loan Documents, and the transactions thereby, and submitted for approval to the Bankruptcy Court;

FURTHER RESOLVED, that the form, terms, and provisions of the DIP Orders to which each Company is or will be subject, and the actions and transactions contemplated thereby are hereby authorized, adopted, and approved, and each of the Authorized Signatories of each Company be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each DIP Order and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents relating to the transactions contemplated thereby to which each Company is or will be a party, including, but not limited to, any security agreements, pledge agreements, guaranty agreement, assignment documents, notices, financing statements, mortgages, intellectual property filings, tax affidavits, fee letters and other instruments as the DIP Agent or requisite DIP Lenders may reasonably request or as may be necessary or appropriate to create, preserve and perfect the liens of the DIP Agent or the Prepetition ABL Agent and/or the Prepetition Agent, purported or required pursuant to any of the transaction documents to be created in the Collateral (as defined in the DIP Credit Agreement (or similar term defined therein)), such agreements with third parties (including, without limitation, bank agency agreements, lockbox agreements, control agreements, landlord agreements and warehouse letters) relating to the Collateral, any swap contracts or hedging agreements and such other loan documents, guarantees, instruments, certificates and documents as may be reasonably requested by the DIP Agent, the requisite DIP Lenders or required by the DIP Orders, DIP Credit Agreement or any of the foregoing (collectively with the DIP Orders, the "DIP Documents"), with such changes, additions, and modifications thereto as any Authorized Signatory executing the same shall approve, such approval to be conclusively evidenced by such Authorized Signatory's execution and delivery thereof;

FURTHER RESOLVED, that the incurrence of the liabilities and obligations arising from each DIP Order and each DIP Document by each Company party thereto, (i) is necessary and convenient to the conduct, promotion and attainment of the business of the Companies, and (ii) may reasonably be expected to benefit the Companies, directly or indirectly;

FURTHER RESOLVED, that each Company, as debtor and debtors-in-possession under the Bankruptcy Code be, and hereby is, authorized to incur the DIP Obligations, including the borrowing

6

of the loans under the DIP Credit Agreement, and other obligations related to the DIP Financing and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents, including guaranteeing the DIP Obligations and assigning, transferring, pledging and granting to the DIP Agent or the Prepetition ABL Agent and/or the Prepetition Agent, for the ratable benefit of the respective or applicable Secured Parties (as defined in the DIP Credit Agreement (or similar term defined therein)), a security interest in all or substantially all the assets of such Company, as collateral security for the prompt and complete payment and performance when due of the DIP Obligations under the DIP Credit Agreement, the DIP Orders, and the other DIP Documents to which such Company is a party or which it is subject to (collectively, the "<u>DIP Transactions</u>");

FURTHER RESOLVED, that each of the Authorized Signatories of each Company, acting alone or with one or more other Authorized Signatories, be, and hereby is, authorized, directed and empowered in the name of, and on behalf of, each Company, as debtors and debtors-in-possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate to execute the DIP Transactions, including the negotiation, execution and delivery of: (a) the DIP Documents; (b) such other instruments, certificates, notices, assignments, and other documents, including, without limitation, any amendments to any DIP Documents, as may be reasonably requested by the DIP Agent; and (c) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents, in the name of and on behalf of each Company, with such changes therein as shall be approve by the Authorized Signatories executing the same, with such execution by said Authorized Signatory to constitute conclusive evidence of his or her approval of the terms thereof, including any departures therein from any form presented to the Boards and Controlling Entities;

FURTHER RESOLVED, that each of the Authorized Signatories of each Company, acting alone or with one or more other Authorized Signatories, be, and hereby is, authorized, directed and empowered in the name of, and on behalf of, each Company, as debtors and debtors-in-possession, to guarantee the DIP Obligations under the DIP Documents and to assign, transfer, pledge and grant to the DIP Agent or the Prepetition ABL Agent and/or the Prepetition Agent, for the ratable benefit of the respective or applicable Secured Parties (as defined in the DIP Credit Agreement (or similar term defined therein)), a security interest in all or substantially all the assets of such Company, as collateral security for the prompt and complete payment and performance when due of the DIP Obligations under the DIP Credit Agreement, the DIP Orders, and the other DIP Documents to which such Company is a party or which it is subject to and to take or cause to be taken any such actions as may be necessary, appropriate or desirable to cause the Companies to create, perfect and maintain a security interest in the Companies' property or assets constituting Collateral as described or contemplated in the DIP Documents;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions, whether existing now or in the future, in each case, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment, including without limitation, the authorization of resolutions and agreements necessary to authorize the execution, delivery and performance pursuant to the DIP Documents (including, without limitation, certificates, affidavits,

financing statements, notices, reaffirmations and amendments and restatements thereof or relating thereto) as may be necessary, appropriate or convenient to effectuate the purposes of the transactions contemplated therein;

FURTHER RESOLVED, that each of the Authorized Signatories of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to file, or to authorize the DIP Agent to file, any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name each Company that the DIP Agent or the Prepetition ABL Agent and/or the Prepetition Agent deem necessary or appropriate to perfect any lien or security interest granted under the DIP Orders and the DIP Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case as the DIP Agent or the Prepetition ABL Agent and/or the Prepetition Agent may reasonably request to perfect the security interests of the DIP Agent or the Prepetition ABL Agent and/or the Prepetition Agent under the DIP Orders or any of the other DIP Documents;

FURTHER RESOLVED, that the pledge by the Companies, of the Pledged Collateral (as defined in the DIP Credit Agreement or related security or pledge agreements (or similar term defined therein)) held by it, the transfer of such Pledged Collateral to the DIP Agent and any transfer from to time by the DIP Agent to any other person pursuant to the exercise of any rights under any collateral document and all steps required of any subsidiaries of the Companies to give effect to such pledge and transfers, including the issuance of certificates of ownership and the entering of the names of any transferees onto such subsidiaries' equity holder registers, are hereby approved; and that each of the Authorized Signatories of each of the Companies is hereby authorized, empowered and directed on behalf of such applicable Company, to execute and deliver any such other transfer documents or instruments;

FURTHER RESOLVED, that each of the Authorized Signatories of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay all fees and expenses payable in accordance with the terms of the DIP Documents, to arrange for and enter into supplemental agreements, amendments, instruments, certificates or documents relating to the transactions contemplated by any of the DIP Documents and to execute and deliver all such supplemental agreements, amendments, instruments, certificates or documents in the name and on behalf of each of the Companies, which shall in their sole judgment be necessary, proper or advisable in order to perform such Companies' obligations under of in connection with any of the DIP Documents and the transactions contemplated therein (execution by such Authorized Signatory to constitute conclusive evidence of such judgment), and to carry out fully the intent of the foregoing resolution. The performance of any such further act or thing and the execution of any such document or instrument by any of the Authorized Signatories of the Companies pursuant to these resolutions shall be conclusive evidence that the same have been authorized and approved by the Companies in every respect; and

8

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized to execute and deliver to the DIP Agent or the Prepetition ABL Agent and/or the Prepetition Agent, as applicable, and to perform the applicable Company's obligations under, all other documents, certificates, instruments, agreements and writings including any interest rate swaps, caps, collars or similar hedging agreement and any financing statements (or amendments thereto) that may be contemplated by, or required in connection with, the DIP Documents, these resolutions and the transactions described herein and therein, and to do all such acts and things as any person hereinafter authorized to execute such documents on behalf of such Company determines to be necessary or advisable in connection with or as contemplated by, or for the purpose of giving effect to, or carrying out the provisions of, the DIP Documents, such determination to be conclusively evidenced by such person's signature thereon or completion thereof, as applicable.

## General Resolutions

NOW, THEREFORE, BE IT RESOLVED, that the Authorized Signatories of each of the Companies be, and each of them hereby is, authorized, empowered, and directed to execute, acknowledge, verify, deliver, and file any and all such other agreements, documents, instruments, and certificates and to take such other actions as may be necessary, proper or appropriate in order to carry out the intent and purposes of the foregoing resolutions;

FURTHER RESOLVED, that each Board or Controlling Entity of each Company has received sufficient notices of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice;

FURTHER RESOLVED, that each of the members of the board of managers or board of directors, the member, or the managing member, as applicable, hereby irrevocably waives notice of the time, place, and purposes of the meeting and any adjournments thereof, to the extent such notice is required by the applicable organizational documents of each Company;

FURTHER RESOLVED, that any and all actions heretofore or hereafter taken and expenses incurred in the name of and on behalf of any Company by any officer, director or other Authorized Signatory of any Company in connection with or related to the matters set forth or contemplated by the foregoing resolutions be, and they hereby are, approved, ratified, and confirmed in all respects as fully as if such actions had been presented to the Boards and Controlling Entities for approval prior to such actions being taken; and

FURTHER RESOLVED, that an Authorized Signatory of the Companies is hereby authorized to certify to third parties with respect to adoption of these resolutions in the form and substance satisfactory to them.

*[Remainder of page intentionally left blank]*

The undersigned agree that this Omnibus Action by Written Consent in Lieu of a Meeting of the Boards and Controlling Entities shall be added to the corporate records of each Company and made a part thereof, and the undersigned further agree that the resolutions set forth hereinabove shall have the same force and effect as if adopted at a meeting duly noticed and held, pursuant to each Company's organizational documents and the applicable laws of the jurisdiction in which such Company is organized. Facsimile, scanned, or electronic signatures shall be acceptable as originals.

*[Signature pages follow]*

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

**BOARD OF DIRECTORS OF QUORUM HEALTH CORPORATION:**

_____

Terry A. Rappuhn    April 04, 2020 12:58 PM

_____

Joseph A. Hastings, M.D.    April 05, 2020 12:33 PM

_____

Barbara R. Paul, M.D.    April 05, 2020 12:09 PM

_____

R. Lawrence Van Horn, Ph.D.    April 05, 2020 12 PM

_____

Alice D. Schroeder    April 04, 2020 11:48 AM

_____

Jon H. Kaplan    April 05, 2020 7:19 PM

_____

William Paul Rutledge    April 05, 2020 12:29 PM

_____

Robert H. Fish    April 04, 2020 11:51 AM

[SIGNATURE PAGE TO OMNIBUS ACTION BY WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

**BOARD OF DIRECTORS OF AMBULANCE SERVICES OF TOOELE, LLC; ANNA CLINIC CORP.; ANNA HOSPITAL CORPORATION; BARSTOW HEALTHCARE MANAGEMENT, INC.; BIG BEND HOSPITAL CORPORATION; BLUE RIDGE GEORGIA HOLDINGS, LLC; BLUE RIDGE GEORGIA HOSPITAL COMPANY, LLC; CHS UTAH HOLDINGS, LLC; CROSSROADS PHYSICIAN CORP.; DEMING CLINIC CORPORATION; DEMING HOSPITAL CORPORATION; DEMING NURSING HOME COMPANY, LLC; EDWARDSVILLE AMBULATORY SURGERY CENTER, LLC; EVANSTON CLINIC CORP.; EVANSTON HOSPITAL CORPORATION; FANNIN REGIONAL ORTHOPAEDIC CENTER, INC.; FORREST CITY HOLDINGS, LLC; FORT PAYNE CLINIC CORP.; FORT PAYNE HBP, LLC; FORT PAYNE HOSPITAL CORPORATION; FORT PAYNE RHC CORP.; GALESBURG HOSPITAL CORPORATION; GALESBURG PROFESSIONAL SERVICES, LLC; GRANITE CITY ASC INVESTMENT COMPANY, LLC; GRANITE CITY CLINIC CORP.; GRANITE CITY HBP CORP.; GRANITE CITY HOSPITAL CORPORATION; GRANITE CITY PHYSICIANS CORP.; HIDDEN VALLEY MEDICAL CENTER, INC.; HOSPITAL OF BARSTOW, INC.; HOSPITAL OF LOUISA, INC.; IN-HOME MEDICAL EQUIPMENT SUPPLIES AND SERVICES, INC.; JACKSON HOSPITAL CORPORATION; JACKSON PHYSICIAN CORP.; KENTUCKY RIVER HBP, LLC; KENTUCKY RIVER PHYSICIAN CORPORATION; KING CITY PHYSICIAN COMPANY, LLC; KNOX CLINIC CORP.; LINDENHURST SURGERY CENTER, LLC;**

**MARION HOSPITAL CORPORATION;
MEMORIAL MANAGEMENT INC.;
MESQUITE CLINIC MANAGEMENT
COMPANY, LLC; MONROE COUNTY
SURGICAL CENTER, LLC; MWMC
HOLDINGS, LLC; NATIONAL
HEALTHCARE OF MT. VERNON, INC.;
NATIONAL IMAGING OF CARTERVILLE,
LLC; NATIONAL IMAGING OF MOUNT
VERNON, LLC; OHANI, LLC; OUR
HEALTHY CIRCLE; PAINTSVILLE HMA
PHYSICIAN MANAGEMENT, LLC;
PHILLIPS CLINIC COMPANY, LLC;
PHILLIPS HOSPITAL COMPANY, LLC;
QHC ARM SHARED SERVICES, LLC; QHC
CALIFORNIA HOLDINGS, LLC; QHC HIM
SHARED SERVICES, LLC; QHCCS, LLC;
QHR DEVELOPMENT, LLC; QHR
HEALTHCARE AFFILIATES, LLC; QHR
INTENSIVE RESOURCES, LLC; QHR
INTERNATIONAL, LLC; QUORUM
HEALTH FOUNDATION; QUORUM
HEALTH INVESTMENT COMPANY, LLC;
QUORUM HEALTH RESOURCES, LLC;
QUORUM PURCHASING ADVANTAGE,
LLC; QUORUM SOLUTIONS, LLC; RED
BUD CLINIC CORP.; RED BUD HOSPITAL
CORPORATION; RED BUD PHYSICIAN
GROUP, LLC; RED BUD REGIONAL
CLINIC COMPANY, LLC; SAN MIGUEL
CLINIC CORP.; SAN MIGUEL HOSPITAL
CORPORATION; SUMMIT EMERGENCY
MEDICINE, LLC; THREE RIVERS
MEDICAL CLINICS, INC.; TOOELE
CLINIC CORP.; TOOELE HOSPITAL
CORPORATION; WAUKEGAN CLINIC
CORP.; WAUKEGAN HOSPITAL
CORPORATION; WILLIAMSTON CLINIC
CORP.; WILLIAMSTON HBP SERVICES,
LLC; AND WILLIAMSTON HOSPITAL
CORPORATION**

[SIGNATURE PAGE TO OMNIBUS ACTION BY WRITTEN CONSENT]

_____
Alfred Lumsdaine

_____
Martin D. Smith

_____
R. Harold McCard, Jr.

Alfred Lumsdaine

_____

Martin D. Smith

_____

R. Harold McCard, Jr.

_____
Alfred Lumsdaine


_____
Martin D. Smith


_____
R. Harold McCard, Jr.

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

> **CHAIRMAN OF QUORUM HEALTH CORPORATION POLITICAL ACTION COMMITTEE:**
>
> _Robert H. Fish_
> Robert H. Fish

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

**QUORUM HEALTH CORPORATION:**

*as sole member of Blue Island Illinois Holdings, LLC; Blue Ridge Georgia Holdings, LLC; CHS Utah Holdings, LLC; Deming Nursing Home Company, LLC; Fort Payne HBP, LLC; Galesburg Professional Services, LLC; Haven Clinton Medical Associates, LLC; Kentucky River HBP, LLC; King City Physician Company, LLC; Lock Haven Clinic Company, LLC; McKenzie Tennessee Hospital Company, LLC; National Imaging of Mount Vernon, LLC; Our Healthy Circle; QHC California Holdings, LLC; QHCCS, LLC; Quorum Health Corporation Political Action Committee; Quorum Health Foundation; Quorum Health Investment Company, LLC; Red Bud Regional Clinic Company, LLC; Summit Emergency Medicine, LLC; Sunbury Clinic Company, LLC; Sunbury Hospital Company, LLC; and Williamston HBP Services, LLC; and as sole shareholder of Ambulance Services of McKenzie, Inc.; Anna Clinic Corp.; Anna Hospital Corporation; Big Bend Hospital Corporation; Big Spring Hospital Corporation; Central Alabama Physician Services, Inc.; Clinton Hospital Corporation; Crossroads Physician Corp.; Deming Clinic Corporation; Deming Hospital Corporation; Evanston Clinic Corp.; Evanston Hospital Corporation; Fort Payne Clinic Corp.; Fort Payne Hospital Corporation; Fort Payne RHC Corp.; Galesburg Hospital Corporation; Granite City Clinic Corp.; Granite City Hospital Corporation; Granite City Physicians Corp.; Greenville Clinic Corp.; Greenville Hospital Corporation; Hospital of Louisa, Inc.; Jackson Hospital Corporation; Jackson Physician Corp.; Kentucky River Physician Corporation; Knox Clinic Corp.; Marion Hospital Corporation; McKenzie Clinic Corp.; Memorial Management Inc.; National Healthcare of Mt. Vernon, Inc.; Red Bud Clinic Corp.; Red Bud Hospital Corporation; San Miguel Clinic Corp.; San Miguel Hospital Corporation; Three Rivers Medical Clinics, Inc.; Tooele Clinic Corp.; Tooele Hospital Corporation; Waukegan Hospital Corporation; Williamston Clinic Corp.; and Williamston Hospital Corporation*

[SIGNATURE PAGE TO OMNIBUS ACTION BY WRITTEN CONSENT]

By: _____

Name: Robert H. Fish
Title: President and Chief Executive Officer

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

> **QUORUM HEALTH INVESTMENT COMPANY, LLC:**
> *as sole member of CSRA Holdings, LLC; Forrest City Holdings, LLC; Georgia HMA Physician Management, LLC; Hamlet HMA, LLC; Hamlet HMA Physician Management, LLC; Hamlet HMA, PPM, LLC; Mesquite Clinic Management Company, LLC; MMC of Nevada, LLC; Monroe HMA Physician Management, LLC; Monroe HMA, LLC; Paintsville HMA Physician Management, LLC; Phillips Clinic Company, LLC; Phillips Hospital Company, LLC; QHC ARM Shared Services, LLC; QHC HIM Shared Services, LLC; Quorum Health Resources, LLC; Triad of Oregon, LLC; and Winder HMA, LLC; as sole shareholder of QHG of Massillon, Inc.; and as joint venture member of MWMC Holdings, LLC; and Paintsville Hospital Company, LLC*
>
> By: _____
> Name: Martin D. Smith
> Title: Executive Vice President

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

> **QUORUM HEALTH RESOURCES, LLC:**
> *as sole member of QHR Development, LLC;*
> *QHR Healthcare Affiliates, LLC; QHR*
> *Intensive Resources, LLC; QHR International,*
> *LLC; Quorum Purchasing Advantage, LLC;*
> *and Quorum Solutions, LLC*
>
> By: _____
> Name: Martin D. Smith
> Title: Executive Vice President

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

**QHCCS, LLC:**
*as joint venture manager of Paintsville Hospital Company, LLC*

By: _____

Name: Martin D. Smith
Title: Executive Vice President

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

**MWMC HOLDINGS, LLC:**
*as manager and joint venture member of*
*McKenzie-Willamette Regional Medical Center*
*Associates, LLC*

By: _____

Name: Martin D. Smith
Title: Executive Vice President

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

**MCKENZIE-WILLAMETTE REGIONAL MEDICAL CENTER ASSOCIATES, LLC:**
*as sole member of McKenzie Physician Services, LLC*

By: MWMC Holdings, LLC
Its: Manager

By: _____
Name: Martin D. Smith
Title: Executive Vice President

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

<div style="margin-left:40%">

**TRIAD OF OREGON, LLC:**
*as sole member of Springfield Oregon
Holdings, LLC; and as joint venture member of
MWMC Holdings, LLC*

By: _____
Name: Martin D. Smith
Title: Executive Vice President

</div>

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

<div style="margin-left:50%">

**CHS UTAH HOLDINGS, LLC:**
*as sole member of Ambulance Services of Tooele, LLC*

By: _____
Name: Martin D. Smith
Title: Executive Vice President

</div>

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

**QHC CALIFORNIA HOLDINGS, LLC:**
*as sole shareholder of Barstow Healthcare Management, Inc.; and Hospital of Barstow, Inc.*

By: _____
Name: Martin D. Smith
Title: Executive Vice President

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

**BLUE RIDGE GEORGIA HOLDINGS, LLC:**

*as sole shareholder of Fannin Regional Orthopaedic Center, Inc.; and Hidden Valley Medical Center, Inc.*

By: _____

Name: Martin D. Smith
Title: Executive Vice President

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

**FORREST CITY HOLDINGS, LLC:**
*as sole member of Ambulance Services of Forrest City, LLC; Forrest City Arkansas Hospital Company, LLC; and Forrest City Clinic Company, LLC*

By: _____
Name: Martin D. Smith
Title: Executive Vice President

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

**GRANITE CITY HOSPITAL CORPORATION:**
*as sole member of Granite City ASC Investment Company, LLC; Granite City Illinois Hospital Company, LLC; Granite City Orthopedic Physicians Company, LLC; and as sole shareholder of Granite City HBP Corp.*

By: _____
Name: Martin D. Smith
Title: Executive Vice President

[SIGNATURE PAGE TO OMNIBUS ACTION BY WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

**GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC:**
*as joint venture member of Edwardsville Ambulatory Surgery Center, LLC*

By: _____

Name: Martin D. Smith
Title: Executive Vice President

IN WITNESS WHEREOF, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

GRANITE CITY ASC INVESTMENT COMPANY, LLC:
*as joint venture member of Edwardsville Ambulatory Surgery Center, LLC*

By: _____
Name: Martin D. Smith
Title: Executive Vice President

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

<div align="right">

**MEMORIAL MANAGEMENT, INC.:**
*as sole member of Heartland Rural Healthcare, LLC; National Imaging of Carterville, LLC; River to River Heart Group, LLC; Southern Illinois Medical Care Associates, LLC*

By: _____
Name: Martin D. Smith
Title: Executive Vice President

</div>

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

<div align="right">

**GALESBURG HOSPITAL CORPORATION:**
*as sole shareholder of In-Home Medical Equipment Supplies and Services, Inc.*

By: _____
Name: Martin D. Smith
Title: Executive Vice President

</div>

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

> **WAUKEGAN HOSPITAL**
> **CORPORATION:**
> *as sole member of Lindenhurst Illinois Hospital Company, LLC; OHANI, LLC; and Waukegan Illinois Hospital Company, LLC and as sole shareholder of Waukegan Clinic Corp.*
>
> By: _____
> Name: Martin D. Smith
> Title: Executive Vice President

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

**WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC:**
*as sole member of Lindenhurst Surgery Center, LLC*

By: _____
Name: Martin D. Smith
Title: Executive Vice President

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

**RED BUD HOSPITAL CORPORATION:**
*as sole member of Red Bud Illinois Hospital Company, LLC*

By: _____
Name: Martin D. Smith
Title: Executive Vice President

[Signature Page to Omnibus Action by Written Consent]

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

<div style="margin-left: 40%;">

**RED BUD ILLINOIS HOSPITAL COMPANY, LLC:**
*as sole member of Monroe County Surgery Center, LLC*

By: _____
Name: Martin D. Smith
Title: Executive Vice President

</div>

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

**RED BUD CLINIC CORP.:**
*as sole member of Red Bud Physician Group, LLC*

By: _____

Name: Martin D. Smith
Title: Executive Vice President

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

> **BLUE ISLAND ILLINOIS HOLDINGS, LLC:**
> *as sole member of Blue Island Clinic Company, LLC; Blue Island HBP Medical Group, LLC; Blue Island Hospital Company, LLC; and QHC Blue Island Urgent Care Holdings, LLC*
>
> By: _____
> Name: Martin D. Smith
> Title: Executive Vice President

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

**CSRA HOLDINGS, LLC:**
*as sole member of Augusta Hospital, LLC and Augusta Physician Services, LLC*

By: _____
Name: Martin D. Smith
Title: Executive Vice President

[SIGNATURE PAGE TO OMNIBUS ACTION BY WRITTEN CONSENT]

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

<div style="margin-left:50%">

**MASSILLON COMMUNITY HEALTH SYSTEM, LLC:**
*as sole member of DHSC, LLC; Doctors Hospital Physician Services, LLC; and Massillon Physician Services, LLC*

By: _____
Name: Martin D. Smith
Title: Executive Vice President

</div>

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

<div align="right">

**MASSILLON HEALTH SYSTEM, LLC:**
*as joint venture member of Massillon
Community Health System, LLC*

By: _____

Name: Martin D. Smith
Title: Executive Vice President

</div>

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

> **MONROE HMA PHYSICIAN MANAGEMENT, LLC:**
> *as sole member of Monroe Diagnostic Testing Center, LLC*
>
> By: _____
> Name: Martin D. Smith
> Title: Executive Vice President

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

<div align="right">

**QHG OF MASSILLON, INC.:**
*as sole member of Massillon Health System, LLC and Massillon Holdings, LLC*

By: _____

Name: Martin D. Smith
Title: Executive Vice President

</div>

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

<div style="margin-left: 50%;">

**MASSILLON HOLDINGS, LLC:**
*as joint venture member of Massillon Community Health System, LLC*

By: _____
Name: Martin D. Smith
Title: Executive Vice President

</div>

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first written above.

**WINDER HMA, LLC:**
*as sole shareholder of Barrow Health Ventures, Inc.*

By: _____

Name: Martin D. Smith
Title: Executive Vice President

## SCHEDULE A

| Company |
| --- |
| AMBULANCE SERVICES OF FORREST CITY, LLC |
| AMBULANCE SERVICES OF MCKENZIE, INC. |
| AMBULANCE SERVICES OF TOOELE, LLC |
| ANNA CLINIC CORP. |
| ANNA HOSPITAL CORPORATION |
| AUGUSTA HOSPITAL, LLC |
| AUGUSTA PHYSICIAN SERVICES, LLC |
| BARROW HEALTH VENTURES, INC. |
| BARSTOW HEALTHCARE MANAGEMENT, INC. |
| BIG BEND HOSPITAL CORPORATION |
| BIG SPRING HOSPITAL CORPORATION |
| BLUE ISLAND CLINIC COMPANY, LLC |
| BLUE ISLAND HBP MEDICAL GROUP, LLC |
| BLUE ISLAND HOSPITAL COMPANY, LLC |
| BLUE ISLAND ILLINOIS HOLDINGS, LLC |
| BLUE RIDGE GEORGIA HOLDINGS, LLC |
| BLUE RIDGE GEORGIA HOSPITAL COMPANY, LLC |
| CENTRAL ALABAMA PHYSICIAN SERVICES, INC. |
| CHS UTAH HOLDINGS, LLC |
| CLINTON HOSPITAL CORPORATION |
| CROSSROADS PHYSICIAN CORP. |
| CSRA HOLDINGS, LLC |
| DEMING CLINIC CORPORATION |
| DEMING HOSPITAL CORPORATION |
| DEMING NURSING HOME COMPANY, LLC |
| DHSC, LLC |
| DOCTORS HOSPITAL PHYSICIAN SERVICES, LLC |
| EDWARDSVILLE AMBULATORY SURGERY CENTER, L.L.C. |
| EVANSTON CLINIC CORP |
| EVANSTON HOSPITAL CORPORATION |
| FANNIN REGIONAL ORTHOPAEDIC CENTER, INC. |
| FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC |
| FORREST CITY CLINIC COMPANY, LLC |
| FORREST CITY HOLDINGS, LLC |
| FORT PAYNE CLINIC CORP. |
| FORT PAYNE HBP, LLC |
| FORT PAYNE HOSPITAL CORPORATION |
| FORT PAYNE RHC CORP. |
| GALESBURG HOSPITAL CORPORATION |
| GALESBURG PROFESSIONAL SERVICES, LLC |
| GEORGIA HMA PHYSICIAN MANAGEMENT, LLC |
| GRANITE CITY ASC INVESTMENT COMPANY, LLC |
| GRANITE CITY CLINIC CORP. |

GRANITE CITY HBP CORP.
GRANITE CITY HOSPITAL CORPORATION
GRANITE CITY ILLINOIS HOSPITAL COMPANY, LLC
GRANITE CITY ORTHOPEDIC PHYSICIANS COMPANY, LLC
GRANITE CITY PHYSICIANS CORP.
GREENVILLE CLINIC CORP
GREENVILLE HOSPITAL CORPORATION
HAMLET H.M.A., LLC
HAMLET HMA PHYSICIAN MANAGEMENT, LLC
HAMLET HMA PPM, LLC
HAVEN CLINTON MEDICAL ASSOCIATES, LLC
HEARTLAND RURAL HEALTHCARE, LLC
HIDDEN VALLEY MEDICAL CENTER, INC.
HOSPITAL OF BARSTOW, INC.
HOSPITAL OF LOUISA, INC.
IN-HOME MEDICAL EQUIPMENT SUPPLIES AND SERVICES, INC.
JACKSON HOSPITAL CORPORATION
JACKSON PHYSICIAN CORP.
KENTUCKY RIVER HBP, LLC
KENTUCKY RIVER PHYSICIAN CORPORATION
KING CITY PHYSICIAN COMPANY, LLC
KNOX CLINIC CORP.
LINDENHURST ILLINOIS HOSPITAL COMPANY, LLC
LINDENHURST SURGERY CENTER, LLC
LOCK HAVEN CLINIC COMPANY, LLC
MARION HOSPITAL CORPORATION
MASSILLON COMMUNITY HEALTH SYSTEM LLC
MASSILLON HEALTH SYSTEM LLC
MASSILLON HOLDINGS, LLC
MASSILLON PHYSICIAN SERVICES, LLC
MCKENZIE CLINIC CORP.
MCKENZIE PHYSICIAN SERVICES, LLC
MCKENZIE TENNESSEE HOSPITAL COMPANY, LLC
MCKENZIE-WILLAMETTE REGIONAL MEDICAL CENTER ASSOCIATES, LLC
MEMORIAL MANAGEMENT, INC.
MESQUITE CLINIC MANAGEMENT COMPANY, LLC
MMC OF NEVADA, LLC
MONROE COUNTY SURGERY CENTER, LLC
MONROE DIAGNOSTIC TESTING CENTERS, LLC
MONROE HMA PHYSICIAN MANAGEMENT, LLC
MONROE HMA, LLC
MWMC HOLDINGS, LLC
NATIONAL HEALTHCARE OF MT. VERNON, INC.
NATIONAL IMAGING OF CARTERVILLE, LLC
NATIONAL IMAGING OF MOUNT VERNON, LLC
OHANI, LLC

OUR HEALTHY CIRCLE
PAINTSVILLE HMA PHYSICIAN MANAGEMENT, LLC
PAINTSVILLE HOSPITAL COMPANY, LLC
PHILLIPS CLINIC COMPANY, LLC
PHILLIPS HOSPITAL COMPANY, LLC
QHC ARM SHARED SERVICES, LLC
QHC BLUE ISLAND URGENT CARE HOLDINGS, LLC
QHC CALIFORNIA HOLDINGS, LLC
QHC HIM SHARED SERVICES, LLC
QHCCS, LLC
QHG OF MASSILLON, INC.
QHR DEVELOPMENT, LLC
QHR HEALTHCARE AFFILIATES, LLC
QHR INTENSIVE RESOURCES, LLC
QHR INTERNATIONAL, LLC
QUORUM HEALTH CORPORATION
QUORUM HEALTH CORPORATION POLITICAL ACTION COMMITTEE
QUORUM HEALTH FOUNDATION, INC.
QUORUM HEALTH INVESTMENT COMPANY, LLC
QUORUM HEALTH RESOURCES, LLC
QUORUM PURCHASING ADVANTAGE, LLC
QUORUM SOLUTIONS, LLC
RED BUD CLINIC CORP.
RED BUD HOSPITAL CORPORATION
RED BUD ILLINOIS HOSPITAL COMPANY, LLC
RED BUD PHYSICIAN GROUP, LLC
RED BUD REGIONAL CLINIC COMPANY, LLC
RIVER TO RIVER HEART GROUP, LLC
SAN MIGUEL CLINIC CORP.
SAN MIGUEL HOSPITAL CORPORATION
SOUTHERN ILLINOIS MEDICAL CARE ASSOCIATES, LLC
SPRINGFIELD OREGON HOLDINGS, LLC
SUMMIT EMERGENCY MEDICINE, LLC
SUNBURY CLINIC COMPANY, LLC
SUNBURY HOSPITAL COMPANY, LLC
THREE RIVERS MEDICAL CLINICS, INC.
TOOELE CLINIC CORP.
TOOELE HOSPITAL CORPORATION
TRIAD OF OREGON, LLC
WAUKEGAN CLINIC CORP.
WAUKEGAN HOSPITAL CORPORATION
WAUKEGAN ILLINOIS HOSPITAL COMPANY, LLC
WILLIAMSTON CLINIC CORP.
WILLIAMSTON HBP SERVICES, LLC
WILLIAMSTON HOSPITAL CORPORATION
WINDER HMA, LLC

[SCHEDULE A to OMNIBUS ACTION by WRITTEN CONSENT]

Debtor    Quorum Health Corporation, et al.                                                                    Case number (if known)_____

| Fill in this information to identify the case: |
| --- |
| Debtor name:   Quorum Health Corporation., et al. |
| United States Bankruptcy Court for the: District of Delaware |
| Case number (If known): |

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Wilmington Savings Funds Society Attn: Patrick J. Healy Senior Vice President WSFS Bank Center Wilmington, DE  19801 United States | Patrick J. Healy EMAIL - PHealy@wsfsbank.com PHONE - 302-792-6000 | 11.625% Senior Notes due 2023 | | | | $     421,829,166 |
| 2 | Blue Cross Blue Shield Attn: Brenton H. Johnson Account Executive, Major Accounts 1 Cameron Hill Circle Chattanooga, TN  37402 United States | Brenton H. Johnson EMAIL - Brenton_Johnson@BCBST.com PHONE - 423-535-6424 FAX - 423.535.3433 | Trade Payable | | | | $       14,531,270 |
| 3 | Health Trust Workforce Solutions Attn: Jeffrey Greenlund VP of Strategic Accounts 1000 Sawgrass Parkway Sunrise, FL  33323 United States | Jeffrey Greenlund EMAIL - jeffrey.greenlund@healthtrustws.com PHONE - 774-289-7517 | Trade Payable | | | | $        1,577,278 |
| 4 | DXC Technology Company Attn: Bill Deckelman Evp, General Counsel & Secy. 1775 Tysons Blvd Tysons, VA  22102 United States | Bill Deckelman EMAIL - bill.deckelman@dxc.com PHONE - 703-245-9700 | Trade Payable | | | | $        1,520,910 |
| 5 | Tech Mahindra Limited Attn: Asst. General Counsel 4965 Preston Park Blvd Suite 500 Plano, TX  75093 United States | Asst. General Counsel EMAIL - connect@techmahindra.com PHONE - +91-22-2289-5500 | Trade Payable | | | | $        1,300,000 |
| 6 | Stryker Orthopaedics Attn: Michael Ray National Account Manager 325 Corporate Drive Mahwah, NJ  07430 United States | Michael Ray EMAIL - Michael.Ray@Stryker.com PHONE - 615-405-0123 | Trade Payable | | | | $        1,219,872 |
| 7 | Owens & Minor Attn: Michael Butler Vice President, Client Enterprise Owens & Minor 3551 Workman Road Knoxville, TN  37921 United States | Michael Butler EMAIL - Michael.Butler@Owens-Minor.com PHONE - 615-202-3832 | Trade Payable | | | | $        1,031,757 |
| 8 | Cerner Corporation Attn: Sr. Director, Contract Management 2800 Rockcreek Parkway Kansas City, MO  64117 United States | Sr. Director, Contract Management EMAIL - neal.patterson@cerner.com PHONE - 816-221-1024 | Trade Payable | | | | $          964,558 |
| 9 | Zimmer Us, Inc. Attn: Jordan Howell National Account Manager 345 E Main Street Warsaw, IN  46581 United States | Jordan Howell EMAIL - Jordan.Howell@zimmerbiomet.com PHONE - 615-917-4552 | Trade Payable | | | | $          861,615 |
| 10 | Athenahealth, Inc Attn: Jessica Collins Svp, General Counsel 311 Arsenal Street Watertown, MA  02472 United States | Jessica Collins EMAIL - jecollins@athenahealth.com PHONE - 617-402-1000 FAX - 607-402-1099 | Trade Payable | | | | $          719,398 |
| 11 | Johnson & Johnson Health Care Systems Inc. Attn: Mike Severance National Account Manager 425 Hoes Lane Piscataway, NJ  08854 United States | Mike Severance EMAIL - mseveran@its.jnj.com PHONE - 615-585-4790 FAX - | Trade Payable | | | | $          692,819 |

Debtor ___Quorum Health Corporation, et al.___

Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 12 | The North Highland Company LLC Attn: Vice President 5105 Maryland Way Suite 200 Brentwood, TN  37027 United States | Vice President EMAIL - news@northhighland.com PHONE - 615-370-2790 | Trade Payable | | | | $          599,480 |
| 13 | Abbott Laboratories Attn: Duncan Eidt National Account Manager 3650 Mansell Rd Suite 200 Alpharetta, GA  30022 United States | Duncan Eidt EMAIL - duncan.eidt@abbott.com PHONE - 601-540-5467 | Trade Payable | | | | $          574,585 |
| 14 | Aramark Corporation Attn: Bret Collins Director, GPO Relationship Manager 27020 230th PL SE Maple Valley, WA  98038 United States | Bret Collins EMAIL - collins-bret@armark.com PHONE - 602-300-0006 | Trade Payable | | | | $          557,327 |
| 15 | Medline Industries Inc Attn: Jeff Fair VP National Accounts One Medline Place Mundelein, IL  60060 United States | Jeff Fair EMAIL - jfair@medline.com PHONE - 615-504-3930 | Trade Payable | | | | $          426,671 |
| 16 | Global Healthcare Exchange LLC Attn: Michael Puckett National Account Manager 1315 W. Century Drive Suite 100 Louisville, KY  80027 United States | Michael Puckett EMAIL - mpuckett@ghx.com PHONE - 615-525-6284 | Trade Payable | | | | $          387,089 |
| 17 | Intuitive Surgical Inc. Attn: Ryan Carolson National Key Customer Director 1020 Kifer Road Sunnyvale, CA  94086 United States | Ryan Carolson EMAIL - Ryan.Carlson@intusurg.com PHONE - 727-698-5339 | Trade Payable | | | | $          385,424 |
| 18 | Creative Alliance Inc Attn: Toni Clem President 400 W Market St Suite 1400 Louisville, KY  40202 United States | Toni Clem EMAIL - toni.clem@scoppechio.com PHONE - 502-214-2979 | Trade Payable | | | | $          384,616 |
| 19 | Sap America Inc Attn: Mark Andrew Benton Corporate Counsel 3999 West Chester Pike Newtown Square, PA  19073 United States | Mark Andrew Benton EMAIL - info@sap.com PHONE - 610-661-1000 FAX - 610-661-4016 | Trade Payable | | | | $          378,023 |
| 20 | Medhost Of Tennessee Inc Attn: President & CFO 6550 Carothers Parkway Suite 100 Franklin, TN  37067 United States | President & CFO EMAIL - inquiries@medhost.com PHONE - 800-383-6278 | Trade Payable | | | | $          369,488 |
| 21 | Boston Scientific Corporation Attn: Doug Mills Director National Accounts 100 Boston Scientific Way Marlborough, MA  01752 United States | Doug Mills EMAIL - douglas.mills@bsci.com PHONE - 310-971-8294 | Trade Payable | | | | $          367,476 |
| 22 | Strata Decision Technology Holdings LLC Attn: Dan Michelson Chief Executive Officer 200 E. Randolph Street, 49Th Fl Chicago, IL  60601-6463 United States | Dan Michelson EMAIL - support@stratadecision.com PHONE - 312-726-1227 FAX - 312-726-2947 | Trade Payable | | | | $          346,663 |
| 23 | Staples Inc. Attn: Ron Howard National Account Manager 500 Staples Dr Framingham, MA  01702 United States | Ron Howard EMAIL - rod.howard@staples.com PHONE - 678-826-775 | Trade Payable | | | | $          328,251 |
| 24 | Health Stream, Inc Attn: Sara Stanton Regional Client Account Executive 500 11Th Avenue, North Suite 1000 Nashville, TN  37203 United States | Sara Stanton EMAIL - sara.stanton@healthstream.com PHONE - 615-970-0453 FAX - 615-301-3200 | Trade Payable | | | | $          306,498 |
| 25 | Arthrex Inc. Attn: Jack Hillebrand Illinois Territory Manager 1370 Creekside Boulevard Naples, FL  34108 United States | Jack Hillebrand EMAIL - jhillebrand@eliteorthollc.com PHONE - 618-670-0280 | Trade Payable | | | | $          305,980 |

Debtor ___Quorum Health Corporation, et al.___      Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26 | Fisher Health Care Attn: Bonnie Burks Health Systems Executive 11450 Compaq Center Drive West, Suite #570 Houston, TX 77070 United States | Bonnie Burks EMAIL - bonnie.burk@thermofisher.com PHONE - 248-978-2067 | Trade Payable | | | | $ 301,951 |
| 27 | Biomet, Inc Attn: Jordan Howell National Account Manager 345 E Main Street Warsaw, IN 46581 United States | Jordan Howell EMAIL - Jordan.Howell@zimmerbiomet.com PHONE - 615-917-4552 | Trade Payable | | | | $ 293,695 |
| 28 | National Health Investors Inc. Attn: D. Eric Mendelsohn President/Ceo 222 Robert Rose Dr Mufreesboro, TN 37129 United States | D. Eric Mendelsohn EMAIL - Investorrelations@Nhireit.Com PHONE - 615-890-9100 | Trade Payable | | | | $ 291,812 |
| 29 | Siemens Healthcare Diagnostics Attn: Lynelle Oliver Nordloh National Account Manager 1881 Princeton Dr Louisville, KY 40205 United States | Lynelle Oliver Nordloh EMAIL - lynelle.o.nordloh@siemens-healthineers.com PHONE - 502-895-4185 | Trade Payable | | | | $ 289,387 |
| 30 | Spine Wave Inc Attn: Terry Brennan Chief Financial Officer 3 Enterprise Dr #210 Shelton, CT 06484 United States | Terry Brennan EMAIL - Tbrennan@Spinewave.com PHONE - 203-712-1810 FAX - 203-944-9493 | Trade Payable | | | | $ 281,625 |
| 31 | MorCare, LLC Attn: Beth Brand Vice President, Product Management and Customer Experience 222 S Riverside Plaza Chicago, IL 60606 United States | Beth Brand EMAIL - Sales@MorCareLLC.com PHONE - 844-344-3723 | Trade Payable | | | | $ 264,377 |
| 32 | Xanitos, Inc. Attn: Don Schweer National Account Executive 3809 W Chester Pike Suite 210 Newtown Square, PA 19073 United States | Don Schweer EMAIL - dschweer@xanitos.com PHONE - 773-703-3150 | Trade Payable | | | | $ 260,232 |
| 33 | Bioventus LLC Attn: Anthony D'Adamio Svp & General Counsel 4721 Emperor Blvd Ste 100 Durham, NC 27703 United States | Anthony D'Adamio EMAIL - Anthony.dadamio@bioventusglobal.com PHONE - 800-396-4325 FAX - 866-832-7284 | Trade Payable | | | | $ 248,447 |
| 34 | Henry Schein Inc Attn: Walter Siegel Svp & General Counsel 135 Duryea Rd Melville, NY 11747 United States | Walter Siegel EMAIL - Walter.Siegel@henryschein.com PHONE - 631-843-5500 | Trade Payable | | | | $ 247,630 |
| 35 | Medtronic Inc. Attn: Debra Jones National Account Manager 6743 Southpoint Dr. N Jacksonville, FL 32216 United States | Debra Jones EMAIL - debra.l.jones@medtronic.com PHONE - 757-472-9572 | Trade Payable | | | | $ 241,375 |
| 36 | Philips Healthcare Attn: Alex Donofrio National Account Manager 222 Jacobs St. #3 Cambridge, MA 02141 United States | Alex Donofrio EMAIL - Alex.Donofrio@philips.com PHONE - 615-427-8898 | Trade Payable | | | | $ 230,241 |
| 37 | Bradley Arant Boult Cummings LLP Attn: Corby Cochran Anderson Partner Hearst Tower 214 North Tryon Street Suite 3700 Charlotte, NC 28202 United States | Corby Cochran Anderson EMAIL - canderson@bradley.com PHONE - 704-338-6000 FAX - 704-332-8858 | Trade Payable | | | | $ 228,117 |
| 38 | Smith & Nephew plc Attn: Jeremy Spencer National Account Manager 7135 Goodlett Farms Pkwy Cordova, TN 38016 United States | Jeremy Spencer EMAIL - jeremy.spencer@smith-nephew.com PHONE - 704-562-5862 | Trade Payable | | | | $ 218,697 |

Debtor __Quorum Health Corporation, et al.__                                                    Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 39 | C R Bard, Inc. Attn: Michael Curtis National Account Executive 4308 W 66th Street Prairie Village, KS 66208 United States | Michael Curtis EMAIL - mike.curtis@bd.com PHONE - 913-961-6870 | Trade Payable | | | | $ 217,899 |
| 40 | Cardinal Health, Inc. Attn: Kevin Dickemper National Account Manager 7000 Cardinal Place Dublin, OH 43017 United States | Kevin Dickemper EMAIL - Kevin.Dickemper@CardinalHealth.com PHONE - 618-741-5119 | Trade Payable | | | | $ 217,731 |
| 41 | Granite City Emergency Medicine Providers, LLC Attn: Daniel Doolittle Chief Executive Officer 2250 N Illinois Ave Carbondale, IL 62901 United States | Daniel Doolittle EMAIL - info@iephysicians.com PHONE - 618-833-1691 FAX - 618-861-5302 | Trade Payable | | | | $ 194,836 |
| 42 | Sev Mallory I LLC Attn: Wood Caldwell Principal 4011 Armory Oaks Drive Nashville, TN 37204 United States | Wood Caldwell EMAIL - wcaldwell@southeastventure.com PHONE - 615-833-8716 FAX - 615-781-0493 | Trade Payable | | | | $ 187,135 |
| 43 | Comp Health Attn: Lisa Payne Grabl President 7259 S. Bingham Jct. Blvd. Midvale, UT 84047 United States | Lisa Payne Grabl EMAIL - lisa.payne@comphealth.com PHONE - 866-404-9927 | Trade Payable | | | | $ 185,071 |
| 44 | Covidien Attn: Jamie Montgomery National Account Manager 15 Hampshire Street Mansfield, MA 02048 United States | Jamie Montgomery EMAIL - jamie.r.montgomery@medtronic.com PHONE - 508-212-4825 | Trade Payable | | | | $ 175,802 |
| 45 | Insight Direct USA, Inc. Attn: Ken Laglynis Bryanmneck Chief Financial Officer 6820 S. Harl Ave Tempe, AZ 85283 United States | Ken Laglynis Bryanmneck EMAIL - Glynis.Bryan@Insight.Com PHONE - 480-333-3390 | Trade Payable | | | | $ 167,675 |
| 46 | Healthgrades Operating Company Inc Attn: Rob Draughon Chief Executive Officer 999 18Th Street Suite 600 Denver, CO 80202 United States | Rob Draughon EMAIL - avimukherjee@healthgrades.com PHONE - 303-716-0041 | Trade Payable | | | | $ 163,057 |
| 47 | Hologic Attn: Michael Dalton National Account Manager 250 Campus Drive Marlborough, MA 01752 United States | Michael Dalton EMAIL - Michael.Dalton@hologic.com PHONE - 615-691-1925 | Trade Payable | | | | $ 146,103 |
| 48 | Gordon Food Service Attn: Bryan Vaughn National Account Manager P.O. Box 1787 1300 Gezon Parkway SW Grand Rapids, MI 49509 United States | Bryan Vaughn EMAIL - bryan.vaughn@gfs.com PHONE - 616-717-7553 | Trade Payable | | | | $ 144,723 |
| 49 | Gardaworld Security Services Attn: Stephan Cretier Chief Financial Officer 1699 S. Hanley Road, Suite 350 St. Louis, IL 63144 United States | Stephan Cretier EMAIL - gstiebing@whelansecurity.com PHONE - 314-644-1974 | Trade Payable | | | | $ 134,439 |
| 50 | Midwest Mowing Inc 2450 Owens Ln Brighton, IL 62012 United States | General Counsel EMAIL - Belinda.Lewis@midwestmowinginc.com PHONE - 618-372-4466 | Trade Payable | | | | $ 128,849 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| QUORUM HEALTH CORPORATION, *et al.*,[1] | ) Case No. 20-[_____] (___) |
| | ) |
| | ) (Joint Administration Requested) |
| Debtors. | ) |
| | ) |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT

Pursuant to Rule 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, no corporate entity directly or indirectly owns 10% or more of any class of Quorum Health Corporation's equity interests as of March 23, 2020.

Quorum Health Corporation owns 100% of the equity interests or membership interests, as applicable, of the following Debtors:

| |
|---|
| Ambulance Services of McKenzie, Inc. |
| Anna Clinic Corp. |
| Anna Hospital Corporation |
| Big Bend Hospital Corporation |
| Big Spring Hospital Corporation |
| Blue Island Illinois Holdings, LLC |
| Blue Ridge Georgia Holdings, LLC |
| Central Alabama Physician Services, Inc. |
| CHS Utah Holdings, LLC |
| Clinton Hospital Corporation |
| Crossroads Physician Corp. |
| Deming Clinic Corporation |
| Deming Hospital Corporation |
| Deming Nursing Home Company, LLC |
| Evanston Clinic Corp. |
| Evanston Hospital Corporation |
| Fort Payne Clinic Corp. |

---

[1] The last four digits of Quorum Health Corporation's tax identification number are 5208. Due to the large number of Debtors in these chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/Quorum. The location of Quorum Health Corporation's corporate headquarters and the Debtors' service address is 1573 Mallory Lane, Brentwood, Tennessee 37027.

| |
|---|
| Fort Payne HBP, LLC |
| Fort Payne Hospital Corporation |
| Fort Payne RHC Corp. |
| Galesburg Hospital Corporation |
| Galesburg Professional Services, LLC |
| Granite City Clinic Corp. |
| Granite City Hospital Corporation |
| Granite City Physicians Corp. |
| Greenville Clinic Corp. |
| Greenville Hospital Corporation |
| Haven Clinton Medical Associates, LLC |
| Hospital of Louisa, Inc. |
| Jackson Hospital Corporation |
| Jackson Physician Corp. |
| Kentucky River HBP, LLC |
| Kentucky River Physician Corporation |
| King City Physician Company, LLC |
| Knox Clinic Corp. |
| Lock Haven Clinic Company, LLC |
| Marion Hospital Corporation |
| McKenzie Clinic Corp. |
| McKenzie Tennessee Hospital Company, LLC |
| Memorial Management, Inc. |
| National Healthcare of Mt. Vernon, Inc. |
| National Imaging of Mt. Vernon, LLC |
| Our Healthy Circle |
| QHC California Holdings, LLC |
| QHCCS, LLC |
| Quorum Health Corporation Political Action Committee |
| Quorum Health Foundation, Inc. |
| Quorum Health Investment Company, LLC |
| Red Bud Clinic Corp. |
| Red Bud Hospital Corporation |
| Red Bud Regional Clinic Company, LLC |
| San Miguel Clinic Corp. |
| San Miguel Hospital Corporation |
| Summit Emergency Medicine, LLC |
| Sunbury Clinic Company, LLC |
| Sunbury Hospital Company, LLC |
| Three Rivers Medical Clinics, Inc. |
| Tooele Clinic Corp. |
| Tooele Hospital Corporation |
| Waukegan Hospital Corporation |
| Williamston Clinic Corp. |
| Williamston HBP Services, LLC |
| Williamston Hospital Corporation |

Blue Island Illinois Holdings, LLC owns 100% of the membership interests in the following Debtors:

| |
|---|
| Blue Island Clinic Company, LLC |
| Blue Island HBP Medical Group, LLC |
| Blue Island Hospital Company, LLC |
| QHC Blue Island Urgent Care Holdings, LLC |

Blue Ridge Georgia Holdings, LLC owns 100% of the equity of the following Debtors:

| |
|---|
| Blue Ridge Georgia Hospital Company, LLC |
| Fannin Regional Orthopaedic Center, Inc. |
| Hidden Valley Medical Center, Inc. |

CHS Utah Holdings, LLC owns 100% of the membership interests in Debtor Ambulance Services of Tooele, LLC.

Galesburg Hospital Corporation owns 100% of the outstanding equity of Debtor In-Home Medical Equipment Supplies and Services, Inc.

Granite City Hospital Corporation owns 100% of the equity interests or membership interests, as applicable, of the following Debtors:

| |
|---|
| Granite City ASC Investment Company, LLC |
| Granite City HBP Corp. |
| Granite City Illinois Hospital Company, LLC |
| Granite City Orthopedic Physicians Company, LLC |

Granite City Illinois Hospital Company, LLC owns 68.097% and Granite City ASC Investment Company, LLC owns 0.3422% of the membership interests of Debtor Edwardsville Ambulatory Surgery Center, L.L.C.  The remaining 31.5608% of membership interests in Debtor Edwardsville Ambulatory Surgery Center, L.L.C. are owned by physician investors.

Memorial Management, Inc. owns 100% of the membership interests in the following Debtors:

| |
|---|
| Heartland Rural Healthcare, LLC |
| National Imaging of Carterville, LLC |

3

| River to River Heart Group, LLC |
| Southern Illinois Medical Care Associates, LLC |

QHC California Holdings, LLC owns 100% of the equity of the following Debtors:

| Barstow Healthcare Management, Inc. |
| Hospital of Barstow, Inc. |

Quorum Health Investment Company, LLC owns 100% of the equity interests or

membership interests, as applicable, of the following Debtors:

| CSRA Holdings, LLC |
| Forrest City Holdings, LLC |
| Georgia HMA Physician Management, LLC |
| Hamlet H.M.A, LLC |
| Hamlet HMA Physician Management, LLC |
| Hamlet HMA PPM, LLC |
| Mesquite Clinic Management Company, LLC |
| MMC of Nevada, LLC |
| Monroe HMA, LLC |
| Monroe HMA Physician Management, LLC |
| Paintsville HMA Physician Management, LLC |
| Phillips Clinic Company, LLC |
| Phillips Hospital Company, LLC |
| QHC ARM Shared Services, LLC |
| QHC HIM Shared Services, LLC |
| QHG of Massillon, Inc. |
| Quorum Health Resources, LLC |
| Triad of Oregon, LLC |
| Winder HMA, LLC |

CSRA Holdings, LLC owns 100% of the membership interests of the following Debtors:

| Augusta Hospital, LLC |
| Augusta Physician Services, LLC |

Forrest City Holdings, LLC owns 100% of the membership interests of the following

Debtors:

| Ambulance Services of Forrest City, LLC |
| Forrest City Arkansas Hospital Company, LLC |
| Forrest City Clinic Company, LLC |

Monroe HMA Physician Management, LLC owns 100% of the membership interests of Debtor Monroe Diagnostic Testing Centers, LLC.

QHG of Massillon, Inc. owns 100% of the membership interests of the following Debtors:

| Massillon Health System, LLC |
| Massillon Holdings, LLC |

Massillon Health System, LLC owns 99% and Massillon Holdings, LLC owns 1% of the membership interests of Debtor Massillon Community Health System, LLC.

Massillon Community Health System, LLC owns 100% of the membership interests of the following Debtors:

| DHSC, LLC |
| Doctors Hospital Physician Services, LLC |
| Massillon Physician Services, LLC |

Quorum Health Resources, LLC owns 100% of the membership interests of the following Debtors:

| QHR Development, LLC |
| QHR Healthcare Affiliates, LLC |
| QHR Intensive Resources, LLC |
| QHR International, LLC |
| Quorum Purchasing Advantage, LLC |
| Quorum Solutions, LLC |

Triad of Oregon, LLC owns 100% of the membership interests of Debtor Springfield Oregon Holdings, LLC.

Winder HMA, LLC owns 100% of the equity interests of Debtor Barrow Health Ventures, Inc.

Quorum Health Investment Company, LLC owns 99% and Triad of Oregon, LLC owns 1% of the membership interests of Debtor MWMC Holdings, LLC.

MWMC Holdings, LLC owns 92.24% and OHR Physician Group, P.C. owns 7.76% of the membership interests in Debtor McKenzie-Willamette Regional Medical Center Associates, LLC.

McKenzie-Willamette Regional Medical Center Associates, LLC owns 100% of the membership interests of Debtor McKenzie Physician Services, LLC.

Quorum Health Investment Company, LLC owns 97.08% of the membership interests of Debtor Paintsville Hospital Company, LLC. The remaining 2.92% of membership interests in Debtor Paintsville Hospital Company, LLC are owned by physician investors.

Red Bud Clinic Corp. owns 100% of the membership interests in Debtor Red Bud Physician Group, LLC.

Red Bud Hospital Corporation owns 100% of the membership interests in Debtor Red Bud Illinois Hospital Company, LLC.

Red Bud Illinois Hospital Company, LLC owns 100% of the membership interests in Debtor Monroe County Surgical Center, LLC.

Waukegan Hospital Corporation owns 100% of the equity interests or membership interests, as applicable, of the following Debtors:

| |
|---|
| Lindenhurst Illinois Hospital Company, LLC |
| OHANI, LLC |
| Waukegan Clinic Corp. |
| Waukegan Illinois Hospital Company, LLC |

Waukegan Illinois Hospital Company, LLC owns 100% of the membership interests in Debtor Lindenhurst Surgery Center, LLC.

6

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **Quorum Health Corporation** |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | |

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐  *Schedule H: Codebtors* (Official Form 206H)
☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐  Amended *Schedule*
☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■  Other document that requires a declaration    **Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders and Consolidated Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **04/07/2020**            X _____
                                Signature of individual signing on behalf of debtor

                                **Alfred Lumsdaine**
                                Printed name

                                **Executive Vice President and Chief Financial Officer**
                                Position or relationship to debtor

Official Form 202                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**